IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action |
| ) | No. 04-03056-05-CR-S-RED |
| CLINT BALL, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. The case is on remand from the Eighth Circuit Court of Appeals. United States v. Ball, 2009 WL 2914165 (8th Cir. Sept. 14, 2009). After remand, this Court entered a Show Cause Order, to which the government responded. [Doc. # 381]. Defendant replied to that response. [Doc. # 386].

In the remand, the Eighth Circuit concluded that defendant's sentence did not run afoul of Gall v. United States, 552 U.S. 38 (2007), but that during the ensuing period, the United States Supreme Court issued an opinion in Arizona v. Gant, 556 U.S. –, 129 S.Ct. 1710 (2009), "which may be relevant to the issues here. Therefore, without vacating the district court's judgment, we remand for the district court to analyze the suppression issues in light of Gant, and for a further evidentiary hearing, if the district court deems such a hearing is necessary." Ball, 2009 WL 2914165 at *1.

Having fully reviewed the arguments of the parties and applicable case law, the Court finds that a hearing is not necessary, and that it must be recommended that defendant's Motion to Suppress Evidence Seized in Warrantless Vehicle Search be denied.

In his Motion to Suppress Evidence Seized in Warrantless Vehicle Search, defendant contended that the warrantless search of his vehicle was unlawful because it was not a search incident to arrest, defendant was not observed to have violated any traffic laws, the search was without consent, and it occurred after defendant and the vehicle had been removed from the scene. Defendant asserts that, under Gant, the search of the vehicle was unreasonable because the interior of the vehicle could not have been accessed due to defendant having been removed from the vicinity of the vehicle and handcuffed.

The Supreme Court held in Gant that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." Gant, 129 S.Ct. at 1723. United States v. Brewer, 2010 WL 4117368, 4 (8th Cir. Iowa 2010) (holding that "circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.' " (quoting Thornton v. United States, 541 U.S. 615, 632 (2004)).

Having carefully reviewed the record, the Court finds that, while it appears that defendant's exact location after he was arrested was not clear from the record, it is not necessary to address whether he was secured and out of reaching distance because the second prong of the Gant holding, which allows a search incident to arrest if law enforcement reasonably believe that

2

the vehicle contains evidence of "the offense of arrest," is applicable.  Gant, 129 S. Ct. at 1723.

The relevant facts to the Court's inquiry in this case are that law enforcement officers were conducting an investigation of a large-scale methamphetamine distribution conspiracy; one of the defendants agreed to cooperate with the authorities, and attempted to set up a controlled drug exchange, in which defendant was to be delivered two pounds of higher quality methamphetamine in exchange for inferior quality drugs.  The plans for the exchange went awry, and defendant was arrested immediately after fleeing the scene.  Defendant was arrested for attempt to distribute methamphetamine and was removed from the van he was driving.  A review of the evidence in this case establishes that the officer at the scene reasonably believed that methamphetamine would be in the vehicle; that it was likely that cash to pay for drugs would also be in the vehicle; and that other evidence of methamphetamine distribution might be in the vehicle.  Because law enforcement officers had probable cause to believe that contraband or other evidence related to methamphetamine distribution would be found in the stopped vehicle, the search was constitutionally reasonable under Gant.  See United States v. Williams, 616 F.3d 760, 765-66 (8th Cir. 2010).  Accordingly, based on the foregoing, the Court finds that it must be recommended that defendant's Motion to Suppress Evidence Seized in Warrantless Vehicle Search be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Motion To Suppress Evidence Seized in Warrantless Vehicle Search be denied.

  /s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: 12/9/10